IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK06-80006 |
| ) | A06-8040 |
| WBE COMPANY, INC., ) | |
| ) | CH. 11 |
| Debtor(s). ) | |
| WBE COMPANY, INC., a Nebraska ) | |
| Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ENTERPRISE BANK, N.A., ) | |
| HERITAGE BANK, N.A., and ) | |
| MATT MOYER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 22, 2007, regarding Filing No. 151, Motion to Amend Adversary Proceeding, filed by WBE Company, Inc.; Filing No. 153, Objection, filed by Heritage Bank, N.A.; and Filing No. 164, Response, filed by Enterprise Bank, N.A. K. C. Engdahl appeared for WBE Company, Inc.; Mark A. Shaiken appeared for Enterprise Bank, N.A.; and John L. Horan appeared for Heritage Bank, N.A.

The plaintiff has filed a motion for leave to amend its amended complaint, Filing No. 151. Although the heading on the motion names numerous parties as defendants, the plaintiff has dismissed the Heritage Group, Inc.; Sam Moyer; Dave Werner; and Troy Perry as defendants. The remaining defendants are Enterprise Bank, N.A.; Heritage Bank, N.A.; and Matt Moyer.

Enterprise Bank has filed a response to the motion and informs the court that it has no objection to the filing of an amended complaint. Heritage Bank, on the other hand, has resisted. It is the position of Heritage Bank that the proposed amended complaint, as it relates to Heritage Bank, asserts a breach of contract and damages flowing therefrom. Heritage Bank informs the court that the debtor and Heritage Bank entered into a release, entitled "Heritage Agreement" attached to and made a part of the proposed amended complaint. In that agreement, according to Heritage Bank, the debtor/plaintiff released Heritage Bank from any and all claims.

The substantive allegations of the proposed second amended complaint with regard to Heritage Bank are found at paragraphs 87, 88,89, 90, and 91. Those paragraphs, except for 88, refer to actions by Heritage Bank during the effective term of the contractual agreement, and before the agreement was terminated by execution of the "Heritage Agreement." The release language contained in the "Heritage Agreement" appears to release Heritage Bank from any requirement to render financial assistance or consulting services in the future. Recital No. 6 states:

> [C]ompany and Shareholders state that they can conduct the negotiations with the
> potential buyers, including Werner, and analyze those bids without the need for the

assistance of Heritage. Company and Shareholders agree that Heritage has performed its primary function of providing a potential Transaction Partner; Company and Shareholders release Heritage from any obligation to assist the Company in negotiations or in analyzing the potential Transactions.

In the release portion of the "Heritage Agreement" at paragraph 2, it states:

Completion Fee: Waiver of Conflicts; Dual Agency Status. Company and Shareholders hereby release Heritage from any further obligation to provide financial advisory services pursuant to the Letter Agreement. Company and Shareholders acknowledge that Heritage will be entitled to a Completion Fee in the event that Werner completes a Transaction. . . .

It does not appear that the release contained in the "Heritage Agreement" releases Heritage Bank from any claims of one or more breaches of the contractual arrangement which had already occurred during the time the contractual arrangement was in effect. The release does, however, terminate the obligations of Heritage Bank to provide any other services following the execution of the "Heritage Agreement". Therefore, in any amended complaint to be filed, plaintiff shall not include the allegations contained in paragraph 88.

In addition to asserting that the second amended complaint should not be permitted because of the alleged release, Heritage Bank claims that there has been undue delay in bringing the amended complaint. However, the plaintiff claims that some of the information which would have permitted the second amended complaint to be filed at an earlier stage of the litigation was not available to the plaintiff until certain discovery was completed. Plaintiff claims to have filed this motion as soon as the discovery information was digested.

The motion is granted. The second amended complaint may be filed by March 1, 2007. However, if the originally named defendants who have now been dismissed are not actually once again being sued as a result of the second amended complaint, the heading on the complaint should be corrected. In addition, at Filing No. 161, plaintiff withdrew its jury demand. The proposed second amended complaint, however, includes a jury demand and trial by the district court. That issue needs to be clarified in any complaint that is filed.

IT IS ORDERED that the Motion to Amend Adversary Proceeding, Filing No. 151, is granted. The second amended complaint may be filed by March 1, 2007.

DATED: February 9, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   *K.C. Engdahl      Mark Shaiken
   John Horan        United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.